# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RICKIE JOE KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-18 SNLJ |
| | ) | |
| JASON SCHRUMPF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file after pro se plaintiff's filing of his response to the Show Cause Order. For the following reasons, this case will be dismissed without prejudice for lack of subject matter jurisdiction.

On February 1, 2018, the Court issued a Show Cause Order asking plaintiff to show cause why this non-diverse medical malpractice case should not be dismissed for lack of federal subject matter jurisdiction. *See* ECF No. 5. On February 12, 2018, plaintiff responded that he believes the Court has supplemental jurisdiction over this state law matter because he has also filed a separate pending social security complaint for judicial review of the decision of the Commissioner of Social Security, *see Kelly v. Berryhill*, No. 1:18-CV-24 JAR (E.D. Mo. filed Feb. 5, 2018).

Title 28 U.S.C. § 1367 governs supplemental jurisdiction. It states, in relevant part:

> (a) . . . [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Plaintiff's separate complaint for judicial review of the Commissioner of Social Security's adverse ruling, and this medical malpractice action are not "so related . . . that they form part of the same case or controversy." Plaintiff's causes of action arise out of different facts and form two separate cases and controversies. The Court does not have subject matter jurisdiction over plaintiff's state law tort claim between non-diverse parties. The Court will dismiss this action for lack of subject matter jurisdiction. In the absence of a federal claim, the Court notes that plaintiff may file his claim in the appropriate state court.

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of February, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE